United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11229
Summary Calendar

_____

TERRY W. BRUTON,

Plaintiff-Appellant,

versus

ROBERT TREON; JAMES MOONEYHAM;
C. TUCKER, Director of Nurses;
ANN ESCALERA; SERENA IRONS;
VICTOR ORE; WOOLENDS, Dr.;
HARRY EDWARDS, Unit Health Administrator,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-75-R

_____

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry W. Bruton, Texas prisoner # 703691, appeals the summary judgment in favor of the defendants, employees of the Texas Department of Criminal Justice, on his 42 U.S.C. § 1983 action. He asserts that the defendants were deliberately indifferent to his

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical needs in failing to conduct sufficient testing to identify and treat his medical condition.

Bruton has not, however, produced summary judgment evidence which would support a finding that the defendants knew "that [Bruton faced] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994). Rather, he has merely identified a disagreement with the steps taken to treat him, and has, at best, established only negligence on the part of prison employees, a level of culpability insufficient to give rise to a constitutional violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Bruton also asserts that the district court prematurely granted summary judgment because the defendants failed to comply with a discovery order. In light of Bruton's failure to establish a constitutional violation, he has not established that the defendants' failure to provide him with the name of one of the doctors who treated him would have affected the outcome of the case.

Bruton has not shown the existence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986). Consequently, the judgment of the district court is

AFFIRMED.

2